IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| LARRY EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| DON MILAM TOWING, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, LARRY EVANS ("PLAINTIFF"), and files this Complaint against DEFENDANT DON MILAM TOWING, LLC, ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney's fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that provided automobile towing services in and around Ocala, Florida and PLAINTIFF performed work for DEFENDANT in Ocala, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. At all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods and equipment that moved in or were produced for interstate commerce.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. On or about May 22, 2023, DEFENDANT hired PLAINTIFF to work as a tow truck driver and agreed to pay PLAINTIFF 25 percent of all revenue derived from work PLAINTIFF performed for DEFENDANT.

11. The FLSA requires an employer to pay its non-exempt employees at a rate of at least minimum wage for every hour the employee works.

12. DEFENDANT violated the FLSA by failing to pay PLAINTIFF his last paycheck.

13. Upon information and belief, DEFENDANT'S violation of the FLSA was willful, deliberate and intentional.

14. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate rate by DEFENDANT, who willingly and knowingly withheld those

wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials and equipment, which moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the FLSA.

18. PLAINTIFF, at all relevant times was an employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, who performed work for which he did not receive appropriate compensation.

19. During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the minimum wage provisions of the Fair Labor Standards Act by not paying PLAINTIFF for his final week of work.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate properly PLAINTIFF for his time worked violates the minimum wage provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failure to compensate PLAINTIFF for his time worked was a willful

      and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF backpay at a rate of minimum wage for the hours he worked but was not paid and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney's fees, and other relief by reason of DEFENDANT'S violation of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to receive 25 percent of the revenue from every tow job he performed for DEFENDANT.

28. PLAINTIFF performed as required pursuant to their agreement but DEFENDANT breached the agreement with PLAINTIFF by improperly deducting approximately

    $4,000 from PLAINTIFF'S purportedly to cover damage caused by PLAINTIFF while he was driving for DEFENDANT.

29. As a result of DEFENDANT'S failure to pay PLAINTIFF, PLAINTIFF has been required to retain an attorney to help him recover the money DEFENDANT should have paid him.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, pre- and post-judgment interest, nominal damages, attorne's fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated: September 6, 2023

            Respectfully submitted,

            **THE LAW OFFICE OF MATTHEW BIRK**

            **/s/ Matthew W. Birk**
            **Matthew W. Birk**
            Florida Bar No.: 92265
            2112 SW 34th Street
            Gainesville, FL 32608
            (352) 244-2069
            mbirk@gainesvilleemploymentlaw.com
            ATTORNEYS FOR PLAINTIFF