IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| LARRY EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 5:23-cv-00557-JSM-PRL |
| | ) |
| DON MILAM TOWING, LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

The parties, through their respective counsel, state the following in support of their motion for approval of their FLSA settlement.

### INTRODUCTION AND SETTLEMENT AGREEMENT

Plaintiff brought this action to recover back pay from Defendant pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff also asserted a claim for breach of contract. Defendant asserted a counterclaim based on Plaintiff allegedly breaching his agreement to repay Defendant for property damage Plaintiff accidentally caused while working for Defendant.

During mediation on May 7, 2024, the parties settled their claims. The total settlement amount is $6,600. Of this amount, $1,000 will be paid to Plaintiff for his breach of contract claims. An additional $100 is apportioned for Plaintiff's minimum wage claim. The remainder of the settlement is for attorney's fees and costs. With regard to costs, Plaintiff spent $175 on mediation, $358.55 for the deposition transcript of Don Milam and $160 for the court reporter's attendance during Mr. Milam's deposition. Attorney Birk bills at $400 per hour and has 22 hours of time on this matter including the preparation of this motion. As will be explained below, settlement approval is appropriate.

**FACTUAL BACKGROUND**

Plaintiff worked for Defendant as a tow truck operator. His last day of work was August 9, 2023. He was not paid for the weeks of July 31 to August 6 and August 7 to August 13. The amounts he should have received for those two checks were $773.50 and $289.50, before taxes. Plaintiff was paid on a commission basis and Defendant did not keep track of Plaintiff's time. During those two weeks Plaintiff performed 31 jobs for Defendant which he estimated took approximately 30 minutes per job to perform, including drive time, or 15.5 hours. Defendant asserted that Plaintiff owed it approximately $6,000 for damage he caused when he had three accidents while working for Defendant.

**LEGAL ARGUMENT**

In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

Pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the

2

settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

    (1)    the existence of fraud or collusion behind the settlement:
    (2)    the complexity, expense, and likely duration of the litigation;
    (3)    the stage of the proceedings and the amount of discovery completed;
    (4)    the probability of plaintiff's success on the merits:
    (5)    the range of possible recovery; and
    (6)    the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at * 2-3.

At all times material hereto, the parties have been represented by counsel very experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. Furthermore, as discussed above, this case was not resolved until all relevant information was exchanged between the parties. The parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements of Lynn's Food, as all of the relevant criteria support approval of the ultimate settlement in this matter.

Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either party with respect to the settlement ultimately agreed upon. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently

represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent its respective client's rights. Based on the amount to be paid to Plaintiff, as well as the separate amount to be paid to his counsel, the parties believe it is transparent that there was no fraud or collusion. Plaintiff claimed to be owed 15.5 hours which when multiplied by $7.25 amounts to $112.38 in liquidated damages. (There is no separate claim for minimum wage on top of the liquidated damages because Plaintiff is receiving far more than minimum wage by getting $1,000 for his last two weeks of work in addition to Defendant foregoing its counterclaim against Plaintiff.) He is receiving $100 for his liquidated damages claim. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Further, the attorneys' fees and costs agreed upon to be paid by Defendant under the parties' settlement were never (and are not) a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendant on Plaintiff's behalf. See 29 U.S.C. §216(b); Kreager v. Solomon & Flanagan, P. A., 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs in this case are separate and apart from the amounts to be paid to Plaintiff under the settlement, and the amounts being paid to Plaintiff under the parties' settlement were negotiated based upon the value of the claims asserted, including the separate negotiation of fees related to the wages claimed by Plaintiff. As the Middle District of Florida explained in Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without

4

regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Based upon the foregoing, the parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

## CONCLUSION

WHEREFORE, the parties respectfully request the Court issue an Order approving the parties' settlement.

Dated: May 22, 2024

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
2112 SW 34th Street
Gainesville, FL 32608
(352) 244-2069
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I CERTIFY that on May 22, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

                                               **/s/ Matthew W. Birk**_____ ___
                                               **Matthew W. Birk**